FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 20, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ANGIE K.,

  Plaintiff,

  vs.

FRANK BISIGNANO, Commissioner
of Social Security,[1]

  Defendant.

No.  2:25-CV-00327-JAG

ORDER GRANTING
STIPULATED REMAND

  Before the court is the parties' Stipulated Motion to Remand ("Motion"). ECF No. 14.  The Court reviewed and considered the Motion.  The Court also reviewed and considered a March 17, 2026, email from Plaintiff's counsel.

  The Court notes the Motion was filed on January 23, 2026, and set for hearing by the parties on September 30, 2026.  ECF No. 14.  The Court did not set the hearing date for the parties' Motion.  The Court did set September 30, 2026, as the hearing date to consider Plaintiff's appeal of the Commissioner's denial of disability insurance benefits.  ECF No. 9.  The typical schedule for

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the Defendant in this suit.

ORDER GRANTING STIPULATED REMAND - 1

civil filings entered on January 23, 2026, would anticipate a hearing no earlier than February 22, 2026.  LCivR 7(i)(2)(A).

Nonetheless, after filing the Motion and noting the hearing for September 30, 2026, Plaintiff's counsel sent the following email to the Court's staff on March 17, 2026:

> I am writing to inquire about the status of the stipulated motion to remand the Commissioner of Social Security's denial of Ms. Knobbe's application for disability benefits. This stipulated motion to settle the case has been pending for almost two months now.
>
> I appreciate that the local rules permit inquiries of this type 30 days after the noting date and that the parties cannot reset the noting date without the court's approval. I also appreciate that Judge Goeke has been setting the noting dates in social security cases for about a year ahead. However, I have been litigating social security cases for almost 17 years, and I have never seen a court take anywhere close to two months to approve a stipulated settlement agreement. I am assuming this one has fallen through the cracks, as it seems unconscionable to intentionally wait for more than six additional months to review a standard settlement agreement like this. My disabled client greatly appreciates your attention to this matter.

Email Re: Status Inquiry: Case No. 2:25-CV-00327-JAG.

Counsel's email is petulant, unprofessional and inappropriate in tone and tenor.  The timing of the instant Order—issued over six months prior to the hearing date noted by counsel and within 30 days of the minimum hearing date that could have been set under the local rules had the Motion been noted consistent with the rules—is not "unconscionable" and does not suggest the Court planned to "intentionally wait for more than six additional months to review a standard settlement agreement."[2]  *Id*.

---

[2] The Motion does not constitute a settlement agreement and this Order makes no findings regarding Plaintiff's eligibility for Social Security Benefits.  The Motion

ORDER GRANTING STIPULATED REMAND - 2

The Court ordinarily welcomes inquiries regarding the status of pending motions, including questions about timing—particularly if a hearing date has passed (though that is actually not the case here). The Court's docket is very busy and includes a broad array of criminal and civil cases. It is entirely foreseeable that a motion noted for September 30, 2026, while not contested, may still not be at the forefront of the many matters before the Court. In such a circumstance, a brief polite phone or email inquiry could then appropriately bring an easily disposed of motion to the fore, particularly when the hearing date noted by the parties is months away. In this instance, however, Counsel's email excoriating the Court based on counsel's experience "litigating social security cases for almost 17 years" and offering counsel's pointed musings that he has "never seen a court take anywhere close to two months to approve a stipulated settlement agreement" does not present as a *brief polite inquiry* about timing. Rather, it reads as a snide and derisive critique of the Court's management of its docket.

Counsel is advised that in the future, a *brief polite inquiry* about the status of a pending motion, unencumbered by counsel's snide and derisive tone and thinly veiled accusations the Court is acting unconscionably toward his "disabled client" would be far better received by the Court and would constitute more effective advocacy for his client. While counsel's caustic email may well be based on his experience "litigating social security cases for almost 17 years," the Court's observations are based on the Court's two years of experience as a federal judicial law clerk, 22 years of experience litigating civil and criminal

simply requests an agreed remand for further proceedings before an Administrative Law Judge.

ORDER GRANTING STIPULATED REMAND - 3

cases in federal and state courts, in multiple jurisdictions, and over four years as a United States Magistrate Judge in the Eastern District of Washington. Based on the totality of the Court's experience, the Court can state without doubt or hesitation that the tone and tenor of counsel's email would not be well-received or appreciated in any jurisdiction where the undersigned has practiced or served as a judge.

It is hereby **ORDERED**, after full consideration of the file and the parties' Motion, and after disregarding Plaintiff's email:

1. The parties' Stipulated Motion to Remand, **ECF No. 14**, is **GRANTED**.

2. Based on the stipulation of the parties, the above-captioned case is **REVERSED** and **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Upon remand, the Appeals Council shall instruct the Administrative Law Judge to:

    a) Further consider the medical source opinions and prior administrative medical findings pursuant to the provisions of 20 C.F.R. § 404.1520c.

    b) Take any action necessary to complete the administrative record;

    c) Offer the claimant an opportunity for a hearing; and

    d) Issue a new decision.

3. All other pending motions are **DENIED AS MOOT**.

4. Judgment shall be entered for **Plaintiff**.

5. Upon proper consideration, the Court will consider Plaintiff's application for reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

ORDER GRANTING STIPULATED REMAND - 4

The District Court Executive is directed to enter this Order, enter judgment in favor of the Plaintiff, provide copies of the Order and Judgment to counsel, and **CLOSE THIS FILE.**

DATED March 20, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING STIPULATED REMAND - 5